HENRY BREWSTER et al., Appellants, *v.* JAMES MONROE TAYLOR, Respondent.

Defendant contracted orally to purchase a wagon of plaintiffs for $475; the wagon was fitted with shafts for one horse ; defendant desired a wagon for two horses, and plaintiffs agreed to fit a pole belonging to defendant to the wagon if it could be done ; this, upon examining the pole, they decided could not be done, and, without further consultation with defendant, sent the wagon to a stable where defendant had directed it to be delivered. In an action to recover the purchase-price, *held*, that the evidence failed to show an acceptance of the wagon; and that the contract was void under the statute of frauds.

(Argued December 16, 1875 ; decided January 18, 1876.)

Appeal from order of the General Term of the Superior Court of the city of New York reversing an order of Special Term, which set aside a verdict for defendant and granted a new trial. (Reported below, 7 J. & S., 159.)

This was an action to recover the purchase-price of a wagon alleged to have been sold and delivered by plaintiffs to defendant.

. The only witness sworn upon the trial. was plaintiffs' salesman, who testified, in substance, that defendant called at plaintiffs' warerooms in New York, selected a wagon, and agreed to pay therefor the sum of $475, and that the wagon was delivered at a stable where defendant directed it to be delivered. Upon his cross-examination he testified that the wagon was a single wagon, with shafts ; that defendant said he wished a wagon for two horses, with a pole, and spoke about having a pole made, but they could not agree upon a price ; that defendant said he had a pole, which he wished fitted to the .wagon ; that witness agreed to do this without extra charge, if it was possible to do it without going to great expense, in fact, almost making a new pole ; that plaintiffs afterward sent for the pole, examined it and decided that it could not be altered so as to fit, and then sent the wagon to the stables specified, without further consultation with defendant. The court directed a verdict for defendant upon the ground that plaintiffs, to take the case out of the statute of frauds, must show acceptance as well as delivery, and that the evidence failed to show acceptance. A verdict was rendered accordingly.

*Samuel Hand* for the appellants. Inspection and delivery of goods accompanied with an agreement as to price and directions to deliver at a designated place, must be held to be an acceptance of such goods. (*Cross* v. *O'Donnell*, 44 N. Y., 664, 665 ; *Caulkins* v. *Hellman*, 47 id., 454 ; *Cusack* v. *Robinson*, 1 B. & S., 299.) Whether there had been an acceptance was a question of fact, and evidence tending to show an acceptance having been given, it was error to take the case from the jury. (*Corning* v. *Colt*, 5 Wend., 253 ;

*Gray* v. *Davis*, 10 N. Y., 293; *Stone* v. *Browning*, 51 id., 218.) Whether the purchase was complete or not was a question of fact. (*Ireland* v. *H. and S. P. R. Co.*, 13 N. Y., 533; *Brenhardt* v. *R. and S. R. R. Co.*, 23 How. Pr., 168; *Viner* v. *Stship. Co.*, 50 N. Y., 26; *Smith* v. *Coe*, 55 id., 678.) Whether the wagon was delivered at the designated place was a question of fact. (*Stone* v. *Flower*, 47 N. Y., 568.)

*De Witt C. Brown* for the respondent. The decision of the General Term, sustaining the direction of the verdict for defendant at the trial, cannot be reviewed here. (*Wright* v. *Hunter*, 46 N. Y., 409; *Sands* v. *Crooke*, id., 564; *Dickson* v. *Broadway, etc., R. R. Co.*, 47 id., 507; *Vermilyea* v. *Palmer*, 52 id., 471.) The contract was void under the statute of frauds. (*Cross* v. *O'Donnell*, 44 N. Y., 661; Roberts' Treatise on Stat. of Frauds, 180; 2 R. S., 136, § 3; Story on Sales, §§ 276, 278; Chitty on Con., 391; *Dole* v. *Stimpson*, 31 Pick., 384; *Baldy* v. *Parker*, 2 B. & C., 37; *Proctor* v. *Jones*, 2 C. & P., 532; *Kent* v. *Huskisson*, 3 B. & P., 232; *Tempest* v. *Fitzgerald*, 3 B. & Ald., 680; *Holmes* v. *Hoskins*, 28 E. L. and Eq., 564; *Shindler* v. *Houston*, 1 Comst., 261, 264, 268; *Calkins* v. *Hillman*, 47 N. Y., 48; *Stone* v. *Browning*, 51 id., 215; *Brandt* v. *Focht*, 3 Keyes, 409; *Smith* v. *N. Y. C. R. R. Co.*, 4 id., 202.)

MILLER, J. It is evident that there was no acceptance of the wagon claimed to have been sold by the plaintiffs to the defendant. The proof showed that the defendant wanted to purchase, and did purchase, a wagon for two horses, and that a pole was to be fitted to it which belonged to the defendant. This was not done by the plaintiffs, for the reason that the pole could not be made to fit the wagon. There is no dispute about the facts and no proof tending to show an acceptance which presented any question for the consideration of the jury. Nor does the testimony warrant any such inference. The fitting of the pole to the wagon was a material part of the original contract. It was not a distinct and separate agree-

ment, but an important element of the contract of sale. The sale of the wagon with the pole to be attached was one entire transaction which was not complete until the pole had been fitted. There was, therefore, no acceptance when the contract was made, nor was it established by sending the wagon, without the defendant's knowledge or authority, in an incomplete condition afterwards. The defendant did not, nor was any one in his behalf, authorized to accept it, and no sale was made out within the statute of frauds. The judge was right in directing a verdict for the defendant and the General Term in reversing the order made for a new trial.

The order of the General Term should be affirmed, with costs.

All concur; Andrews, J., not sitting.

Order affirmed and judgment accordingly.